IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RAFFEL SYSTEMS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> EUROTEC SEATING, INC. (d/b/a SEATCRAFT; 4SEATING.COM) <br><br> Defendant. | Case No. <br><br> JURY TRIAL DEMANDED |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Raffel Systems, LLC ("Raffel" or "Plaintiff"), by its undersigned counsel, and for its Complaint against Defendant Eurotec Seating, Inc. (d/b/a Seatcraft; 4SEATING.COM) states and alleges as follows:

### PARTIES

1. Raffel is incorporated under the laws of the state of Wisconsin and has its principal address at N112 W14600 Mequon Road, Germantown, WI 53022.

2. Upon information and belief, Eurotec Seating, Inc. ("Eurotec") is a California corporation with its principal place of business at 1000 S. Euclid Street, La Habra, CA, 90631.

3. Upon information and belief, Seatcraft is an unincorporated division of Eurotec, with its principal place of business at 1000 S. Euclid Street, La Habra, CA, 90631.

1

4. Upon information and belief, 4SEATING.COM is an unincorporated division of Eurotec, with its principal place of business at 1000 S. Euclid Street, La Habra, CA, 90631.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§101, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338(a).

6. This Court has personal jurisdiction over the Defendant by virtue of the fact that Defendant purposefully conducts business and has continuous and systematic contacts within this Judicial District, including (i) regularly doing business or soliciting business by virtue of Defendant's nationwide sales and offers to sell through interactive and commercial website(s) which direct(s) Defendant's products to Wisconsin residents; and (ii) engaging in other persistent courses of conduct and/or deriving revenue from products provided to persons in this District and State.

7. Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400 at least because, upon information and belief, the accused acts of infringement occur in this District, Defendant has regularly conducted business in this Judicial District and has committed, and continues to commit, acts of patent infringement by making, using, selling, and/or offering to sell products that infringe United States Patent No. 9,192,241 ("the '241 Patent), United States Patent No. 9,254,043 ("the '043 Patent"), United States Patent No. D691,098 ("the '098 Patent"), and United States Patent No. D691,099 ("the '099 Patent") in this Judicial District.

## BACKGROUND FACTS

8. Raffel is a manufacturing company with a range of products in the seating, bedding, and industrial marketplaces.

9. Raffel competes in various seating, bedding, and industrial markets, such as, for example, in the market for cup holders including, but not limited to, Raffel's multifunctional Home Theatre and Integrated Cup Holder products.

10. Raffel is the owner by assignment of all right, title, and interest in and to the '241 Patent entitled "Lighted Cup Holder for Seating Arrangements," which duly and legally issued in the name of Ken Seidl on November 24, 2015. A true and accurate copy of the '241 Patent is attached to the Complaint as Exhibit A.

11. Raffel is the owner by assignment of all right, title, and interest in and to the '043 Patent entitled "Lighted Cup Holder for Seating Arrangements," which duly and legally issued in the name of Ken Seidl on February 9, 2016. A true and accurate copy of the '043 Patent is attached to the Complaint as Exhibit B.

12. Raffel is the owner by assignment of all right, title, and interest in and to the '098 Patent entitled "Switch," which duly and legally issued in the names of Paul Li and Marc Beroukas on October 8, 2013. A true and accurate copy of the '098 Patent is attached to the Complaint as Exhibit C.

13. Raffel is the owner by assignment of all right, title, and interest in and to the '099 Patent entitled "Switch," which duly and legally issued in the names of Paul Li and Marc Beroukas on October 8, 2013. A true and accurate copy of the '099 Patent is attached to the Complaint as Exhibit D.

14. The '241 Patent, the '043 Patent, the '098 Patent, and the '099 Patent are presumed to be valid.

15. Upon information and belief, Defendant Eurotec is a producer and supplier in the home furnishings and home theater seating industry and makes, sells, offers to sell, imports, and distributes a variety of home furnishing goods containing multifunctional cup holder products.

16. Upon information and belief, Defendant Eurotec, d/b/a Seatcraft and 4SEATING.COM, is a warehouse and online, e-commerce retailer that made, used, offered for sale, sold, and/or imported a wide variety of items including home furnishing goods containing multifunctional cup holder products including, but not limited to, Seatcraft's Aspen, Aston, Elite, Excalibur, Grenada, Madera, Monaco, Monroe, Rockford, Serenity, Seville, Sienna, Sonoma, Turino, and Venetian seating products in the United States, in Wisconsin, and in the Eastern District of Wisconsin.

17. Upon information and belief, Eurotec has infringed (literally and/or under the doctrine of equivalents) and continues to infringe the '241 Patent by making, importing, selling, and/or offering to sell the Aspen, Aston, Elite, Excalibur, Grenada, Madera, Monaco, Monroe, Rockford, Serenity, Seville, Sienna, Sonoma, Turino, and Venetian seating products.

18. Each of Eurotec's Aspen, Aston, Elite, Excalibur, Grenada, Madera, Monaco, Monroe, Rockford, Serenity, Seville, Sienna, Sonoma, Turino, and Venetian seating products infringe at least claim 1 of the '241 Patent. Claim 1 of the '241 Patent recites:

1. A cup holder apparatus for a seating arrangement, the apparatus comprising:
a master lighted cup holder and one or more slave lighted cup holders operatively connected to the master lighted cup holder, wherein each of the master and one or more slave lighted cup holders comprise:

4

a) a cup holder body adapted for attachment to the seating arrangement, wherein the cup holder body has a lower end, a top end, and a cup holding receptacle therebetween;

b) a flange extending substantially radially outward from the top end of the cup holder body; and

c) a light producing light source for illuminating the cup receptacle;

wherein the master lighted cup holder includes a light-sensitive element or an on-off switch operatively connected to the light sources of both the master lighted cup holder and one or more slave lighted cup holders for selectively controlling production of light by the light sources in the master lighted cup holder and one or more slave lighted cup holders.

19. Eurotec's Aspen, Aston, Elite, Excalibur, Grenada, Madera, Monaco, Monroe, Rockford, Serenity, Seville, Sienna, Sonoma, Turino, and Venetian seating products each include a cup holder apparatus comprising a master lighted cup holder and one or more slave lighted cup holders that are connected, functionally, to the master lighted cup holder, such that the one or more slave lighted cup holders are illuminated when the master lighted cup holder is illuminated.

20. The master and one or more slave lighted cup holders of Eurotec's Aspen, Aston, Elite, Excalibur, Grenada, Madera, Monaco, Monroe, Rockford, Serenity, Seville, Sienna, Sonoma, Turino, and Venetian seating products each include a) a cup holder body comprising a lower end, a top end, and a cup holding receptacle therebetween, that is attached to the seating product; b) a flange extending substantially radially outward from the top end of the cup holder body; and c) a light source for illuminating the cup receptacle.

21. Each of the master lighted cup holders of Eurotec's Aspen, Aston, Elite, Excalibur, Grenada, Madera, Monaco, Monroe, Rockford, Serenity, Seville, Sienna,

5

Sonoma, Turino, and Venetian seating products include an on-off switch for turning ON/OFF the light source of both the master lighted cup holders and the one or more slave lighted cup holders.

22. Upon information and belief, Eurotec has infringed (literally and/or under the doctrine of equivalents) and continues to infringe the '043 Patent by making, importing, selling, and/or offering to sell the Aspen, Aston, Elite, Excalibur, Grenada, Madera, Monaco, Monroe, Rockford, Serenity, Seville, Sienna, Sonoma, Turino, and Venetian seating products.

23. Each of Eurotec's Aspen, Aston, Elite, Excalibur, Grenada, Madera, Monaco, Monroe, Rockford, Serenity, Seville, Sienna, Sonoma, Turino, and Venetian seating products infringe at least claims 1, 3, 4, 5, 7, and 8 of the '043 Patent within the United States. Claim 1 of the '043 Patent recites:

> 1. A seating arrangement comprising
> a cup holder apparatus, the cup holder apparatus comprising
> a) a cup holder body adapted for attachment to the seating arrangement and having a cup receptacle therein, wherein the cup holder body includes a substantially tubular sidewall, closed or substantially closed at a lower end thereof by a bottom wall, and open at a top end thereof, such that the tubular sidewall and bottom wall define the cup holding receptacle; and
> b) a flange extending substantially radially outward from the top end of the cup holder body, wherein the flange comprises a control switch that is operatively linked to and controls a component of the seating arrangement other than the cup holder apparatus.

24. Eurotec's Aspen, Aston, Elite, Excalibur, Grenada, Madera, Monaco, Monroe, Rockford, Serenity, Seville, Sienna, Sonoma, Turino, and Venetian seating products are each seating arrangements that include a cup holder apparatus comprising a

6

Case 2:16-cv-01257-WED   Filed 09/20/16   Page 6 of 17   Document 1

cup holder body attached to the seating arrangement with the cup holder body including a substantially tubular sidewall, closed or substantially closed at a lower end by a bottom wall and open at a top end such that the tubular sidewall and bottom wall define the cup receptacle; and a flange extending substantially radially outward from the top end of the cup holder body.

25. The flange of each cup holder of Eurotec's Aspen, Aston, Elite, Excalibur, Grenada, Madera, Monaco, Monroe, Rockford, Serenity, Seville, Sienna, Sonoma, Turino, and Venetian seating products includes a control switch that is connected to and turns ON/OFF a light producing light source present in a translucent strip at the base of the seating arrangements, and/or that is connected to and turns ON/OFF a light producing light source present in one or more separate lighted cup holders (e.g., slave lighted cup holders) connected to the cup holder apparatus.

26. Upon information and belief, Eurotec, d/b/a Seatcraft and 4SEATING.COM, without Raffel's authorization, made, used, offered for sale, sold, and/or imported a wide variety of items including, *inter alia*, Seatcraft's Aspen, Turino, Venetian, and Madera products (the "Accused Design Products"), each of which include a switch having a design that violates Raffel's '098 and '099 Patents.

27. Upon information and belief, the overall appearance of the designs of the '098 and '099 Patents and the corresponding switch designs of the Accused Design Products are substantially the same.

28. Upon information and belief, an ordinary observer will perceive the overall appearance of the designs of the '098 and '099 Patents and the corresponding switch designs of the Accused Design Products to be substantially the same.

7

29. Table 1 below illustrates Eurotec's infringement of the '098 Patent by comparing figures of the '098 patent with exemplary images of infringing products.



30. Table 2 below illustrates Eurotec's infringement of the '099 Patent by comparing figures of the '099 patent with exemplary images of infringing products.



31. Upon information and belief, Eurotec intended to copy the designs covered by the '098 and '099 Patents.

32. Eurotec has infringed and continues to infringe claim 1 of the '098 Patent and claim 1 of the '099 Patent by making, using, importing, selling, and/or offering to sell the Accused Design Products within the United States.

9

33. Upon information and belief, Eurotec has infringed and continues to infringe one or more claims of the '241 Patent with knowledge and/or reckless disregard amounting to knowledge of such infringement.

34. Upon information and belief, Eurotec has infringed and continues to infringe one or more claims of the '043 Patent with knowledge and/or reckless disregard amounting to knowledge of such infringement.

35. Upon information and belief, Eurotec has infringed and continues to infringe the '098 Patent with knowledge and/or reckless disregard amounting to knowledge of such infringement.

36. Upon information and belief, Eurotec has infringed and continues to infringe the '099 Patent with knowledge and/or reckless disregard amounting to knowledge of such infringement.

37. Upon information and belief, Eurotec acting alone and acting in concert with and through agents and/or intermediaries, have used or sold infringing products within this judicial district and have placed products infringing one or more claims of the '241 Patent in the stream of commerce with knowledge that the likely destination of the infringing products is within this judicial district and throughout the United States.

38. Upon information and belief, Eurotec acting alone and acting in concert with and through agents and/or intermediaries, have used or sold infringing products within this judicial district and have placed products infringing one or more claims of the '043 Patent in the stream of commerce with knowledge that the likely destination of the infringing products is within this judicial district and throughout the United States.

39. Upon information and belief, Eurotec acting alone and acting in concert with and through agents and/or intermediaries, have used or sold infringing products within this judicial district and have placed products infringing the '098 Patent in the stream of commerce with knowledge that the likely destination of the infringing products is within this judicial district and throughout the United States.

40. Upon information and belief, Eurotec acting alone and acting in concert with and through agents and/or intermediaries, have used or sold infringing products within this judicial district and have placed products infringing the '099 Patent in the stream of commerce with knowledge that the likely destination of the infringing products is within this judicial district and throughout the United States.

**FIRST CLAIM FOR RELIEF**
**(Infringement of the '241 Patent)**

41. Raffel restates and realleges Paragraphs 1 through 40 above as though set forth fully herein.

42. Eurotec has been, and is currently, directly infringing the '241 Patent by making, using, selling, offering for sale, and/or importing products infringing on the '241 Patent within the United States.

43. Eurotec's infringement of the '241 Patent has been and continues to be willful and deliberate.

44. Eurotec's infringement will continue unless enjoined by this Court.

45. As a direct and proximate consequence of Eurotec's infringement of the '241 Patent, Raffel has suffered, is suffering, and unless enjoined by the Court, will continue to suffer injury, for which Raffel is entitled to damages pursuant to 35 U.S.C. § 284 of an amount to be proved at trial.

46. As a direct and proximate consequence of Eurotec's infringement of the '241 Patent, Raffel has suffered, is suffering, and unless enjoined by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, and for which Raffel is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

**SECOND CLAIM FOR RELIEF**
**(Infringement of the '043 Patent)**

47. Raffel restates and realleges Paragraphs 1 through 46 above as though set forth fully herein.

48. Eurotec has been, and currently is, directly infringing the '043 Patent by making, using, selling, offering for sale, and/or importing products infringing on the '043 Patent within the United States.

49. Eurotec's infringement of the '043 Patent has been and continues to be willful and deliberate.

50. Eurotec's infringement will continue unless enjoined by this Court.

51. As a direct and proximate consequence of Eurotec's infringement of the '043 Patent, Raffel has suffered, is suffering, and unless enjoined by the Court, will continue to suffer injury, for which Raffel is entitled to damages pursuant to 35 U.S.C. § 284 of an amount to be proved at trial.

52. As a direct and proximate consequence of Eurotec's infringement of the '043 Patent, Raffel has suffered, is suffering, and unless enjoined by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, and for which Raffel is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

**THIRD CLAIM FOR RELIEF**
**(Infringement of the '098 Patent)**

53. Raffel restates and realleges Paragraphs 1 through 52 above as though set forth fully herein.

54. Eurotec, without authorization from Raffel, has made, used, offered for sale, sold, and/or imported in or into the United States, and continues to make, use, offer for sale, sell, and/or import in or into the United States, products that infringe the '098 Patent.

55. Eurotec's infringement of the '098 Patent has been and continues to be willful and deliberate.

56. Eurotec's infringement will continue unless enjoined by this Court.

57. As a direct and proximate consequence of Eurotec's infringement of the '098 Patent, Raffel has suffered, is suffering, and unless enjoined by the Court, will continue to suffer injury, for which Raffel is entitled to damages pursuant to 35 U.S.C. § 284 of an amount to be proved at trial.

58. As a direct and proximate consequence of Eurotec's infringement of the '098 Patent, Raffel has suffered, is suffering, and unless enjoined by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, and for which Raffel is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

**FOURTH CLAIM FOR RELIEF**
**(Infringement of the '099 Patent)**

59. Raffel restates and realleges Paragraphs 1 through 58 above as though set forth fully herein.

60. Eurotec, without authorization from Raffel, has made, used, offered for sale, sold, and/or imported in or into the United States, and continues to make, use, offer

for sale, sell, and/or import in or into the United States, products that infringe the '099 Patent.

61. Eurotec's infringement of the '099 Patent has been and continues to be willful and deliberate.

62. Eurotec's infringement will continue unless enjoined by this Court.

63. As a direct and proximate consequence of Eurotec's infringement of the '099 Patent, Raffel has suffered, is suffering, and unless enjoined by the Court, will continue to suffer injury, for which Raffel is entitled to damages pursuant to 35 U.S.C. § 284 of an amount to be proved at trial.

64. As a direct and proximate consequence of Eurotec's infringement of the '099 Patent, Raffel has suffered, is suffering, and unless enjoined by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, and for which Raffel is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Raffel seeks the following relief from this Court:

A. A judgment that Eurotec has directly infringed and is directly infringing the '241 Patent;

B. A judgment that Eurotec's infringement of the '241 Patent has been willful;

C. An injunction issued pursuant to 35 U.S.C. § 283, restraining and enjoining Eurotec, their officers, agents, attorneys and employees, and those acting in privity or concert with them, from infringement of the '241 Patent for the full term thereof;

D.   A judgment that Eurotec has directly infringed and is directly infringing the '043 Patent;

E.   A judgment that Eurotec's infringement of the '043 Patent has been willful;

F.   An injunction issued pursuant to 35 U.S.C. § 283, restraining and enjoining Eurotec, their officers, agents, attorneys and employees, and those acting in privity or concert with them, from infringement of the '043 Patent for the full term thereof;

G.   A judgment that Eurotec has directly infringed and is directly infringing the '098 Patent;

H.   A judgment that Eurotec's infringement of the '098 Patent has been willful;

I.   An injunction issued pursuant to 35 U.S.C. § 283, restraining and enjoining Eurotec, their officers, agents, attorneys and employees, and those acting in privity or concert with them, from infringement of the '098 Patent for the full term thereof;

J.   A judgment that Eurotec has directly infringed and is directly infringing the '099 Patent;

K.   A judgment that Eurotec's infringement of the '099 Patent has been willful;

L.   An injunction issued pursuant to 35 U.S.C. § 283, restraining and enjoining Eurotec, their officers, agents, attorneys and employees, and those acting in

privity or concert with them, from infringement of the '099 Patent for the full term thereof;

M. A judgement and order requiring Eurotec to pay Raffel all damages caused by Eurotec's infringement of the 241 Patent, the '043 Patent, the '098 Patent, and the '099 Patent (but in no event less than a reasonable royalty) pursuant to 35 U.S.C. § 284, or the total profit made by Eurotec from its infringement of each of Raffel's Patents pursuant to 35 U.S.C. § 289;

N. A judgement and order requiring Eurotec to pay Raffel supplemental damages or profits for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed;

O. A judgement and order requiring Eurotec to pay Raffel increased damages up to three times the amount found or assessed pursuant to 35 U.S.C. § 284;

P. A judgement and order requiring Eurotec to pay Raffel pre-judgement and post-judgement interest on any damages or profits awarded;

Q. A determination that this is an exceptional case pursuant to 35 U.S.C. § 285;

R. An award of Raffel's attorneys' fees for bringing and prosecuting this action;

S. An award of Raffel's costs and expenses incurred in bringing and prosecuting this action; and

T. Such further and additional relief as this Court deems just and proper.

## JURY DEMAND

Raffel hereby demands a jury for all issues so triable.

DATED: September 20, 2016

        Respectfully submitted,

        CASIMIR JONES, S.C.

        s/Tyler J. Sisk
        Tyler J. Sisk, SBN 1054892
        David A. Casimir, SBN 1036453
        2275 Deming Way, Suite 310
        Middleton, Wisconsin 53562
        Telephone: 608.662.1277
        Facsimile: 608.662.1276
        E-Mail: tjsisk@casimirjones.com
                dacasimir@casimirjones.com
        Attorneys for Plaintiff Raffel Systems, LLC