UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RAFFEL SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EUROTEC SEATING, INC. (d/b/a SEATCRAFT; 4SEATING.COM)<br><br>Defendant. | Case No.: 2:16-cv-01257-WED<br><br>**DEFENDANT EUROTEC SEATING, INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Eurotec Seating, Inc. ("Eurotec" or "Defendant") for its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Raffel Systems, LLC ("Raffel's" or "Plaintiff's") Complaint states as follows:

## PARTIES

1. Defendant admits that Raffel appears to be incorporated under the laws of the state of Wisconsin and have its principal address at N112 W14600 Mequon Road, Germantown, WI 53022.

2. Defendant admits that Eurotec is a California corporation with a place of business at 1000 S. Euclid Street, La Habra, CA, 90631.

3. Defendant admits it does business as Seatcraft with a place of business at 1000 S. Euclid Street, La Habra, CA, 90631.

4. Defendant admits it does business as 4SEATING.COM with a place of business at 1000 S. Euclid Street, La Habra, CA, 90631.

## JURISDICTION AND VENUE

5. Defendant neither admits nor denies legal conclusions asserted in this paragraph to which no factual response is required.

6. Defendant neither admits nor denies legal conclusions as to personal jurisdiction in this paragraph to which no factual response is required. Defendant denies the remaining allegations in this paragraph.

7. Defendant neither admits nor denies legal conclusions as to proper venue in this paragraph to which no factual response is required. Defendant denies the remaining allegations in this paragraph.

## BACKGROUND FACTS

8. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies them.

9. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies them.

10. Defendant admits that a copy of the ’241 patent appears to have been attached to the Complaint as Exhibit A. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore denies them.

11. Defendant admits that a copy of the ’043 patent seems to have been attached to the Complaint as Exhibit B. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore denies them.

12. Defendant admits that a copy of the ’098 patent seems to have been attached to the Complaint as Exhibit C. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore denies them.

13. Defendant admits that a copy of the ’099 patent seems to have been attached to the Complaint as Exhibit D. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore denies them.

14. To the extent this paragraph is referring to a statutory presumption of validity, this paragraph states an unsupported legal conclusion for which no factual response is required. Defendant denies that the ’241, ’043, ’098, and ’099 patents are valid.

15. Defendant admits that it is a provider of home theater seats. Defendant denies the remaining allegations in this paragraph.

16. Denied.

17. Denied.

18. Denied.

19. Defendant denies the allegations in this paragraph. This paragraph also calls for a legal conclusion on infringement. No claim construction has been determined by the Court, which is required before any infringement analysis can be done. Furthermore, this paragraph does not set forth Raffel’s claim construction applied in reaching the legal conclusions of this paragraph. Defendant denies this paragraph for this additional reason.

20. Defendant denies the allegations in this paragraph. This paragraph also calls for a legal conclusion on infringement. No claim construction has been determined by the Court, which is required before any infringement analysis can be done. Furthermore, this paragraph does not set forth Raffel’s claim construction applied in reaching the legal conclusions of this paragraph. Defendant denies this paragraph for this additional reason.

21. Defendant denies the allegations in this paragraph. This paragraph also calls for a legal conclusion on infringement. No claim construction has been determined by the Court, which is required before any infringement analysis can be done. Furthermore, this paragraph does not set forth Raffel’s claim construction applied in reaching the legal conclusions of this paragraph. Defendant denies this paragraph for this additional reason.

22. Denied.

23. Denied.

24. Defendant denies the allegations in this paragraph. This paragraph also calls for a legal conclusion on infringement. No claim construction has been determined by the Court, which is required before any infringement analysis can be done. Furthermore, this paragraph does not set forth Raffel's claim construction applied in reaching the legal conclusions of this paragraph. Defendant denies this paragraph for this additional reason.

25. Defendant denies the allegations in this paragraph. This paragraph also calls for a legal conclusion on infringement. No claim construction has been determined by the Court, which is required before any infringement analysis can be done. Furthermore, this paragraph does not set forth Raffel's claim construction applied in reaching the legal conclusions of this paragraph. Defendant denies this paragraph for this additional reason.

26. Denied. This paragraph also calls for a legal conclusion on infringement. This paragraph does not take into account the prior art, which is part of the standard for design patent infringement.

27. Denied. This paragraph also calls for a legal conclusion on infringement. This paragraph does not take into account the prior art, which is part of the standard for design patent infringement.

28. Denied. This paragraph also calls for a legal conclusion on infringement. This paragraph does not take into account the prior art, which is part of the standard for design patent infringement.

29. Denied. This paragraph also calls for a legal conclusion on infringement. This paragraph does not take into account the prior art, which is part of the standard for design patent infringement.

30. Denied. This paragraph also calls for a legal conclusion on infringement. This paragraph does not take into account the prior art, which is part of the standard for design patent infringement.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## FIRST CLAIM FOR RELIEF
## (Infringement of the ’241 Patent)

41. The statement in this paragraph does not set forth factual allegations and therefore no response is required.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## SECOND CLAIM FOR RELIEF
## (Infringement of the ’043 Patent)

47. The statement in this paragraph does not set forth factual allegations and therefore no response is required.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

**THIRD CLAIM FOR RELIEF**
**(Infringement of the ’098 Patent)**

53. The statement in this paragraph does not set forth factual allegations and therefore no response is required.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

**FOURTH CLAIM FOR RELIEF**
**(Infringement of the ’099 Patent)**

59. The statement in this paragraph does not set forth factual allegations and therefore no response is required.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

**PRAYER FOR RELIEF**

These paragraphs set forth the statement of relief requested by Plaintiff to which no response is required. Defendant denies that the Plaintiff is entitled to any of the requested relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Raffel has failed to state a claim for which relief can be granted.

2. Raffel has not infringed any claim of the ’241, ’043, ’098, and ’099 patents.

3. Raffel has failed to meet the requirements to support the assertion that Eurotec’s accused wrongful actions have been willful, or that this case is exceptional.

4. The claims of the ’241, ’043, ’098, and ’099 patents are invalid for failing to meet the requirements for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, 112 and/or 171.

## COUNTERCLAIMS

For its counterclaims against Raffel, Eurotec alleges as follows:

1. Eurotec realleges and incorporates by reference the responses set forth herein.

2. This Court has jurisdiction over the subject matter of each of the asserted counterclaims pursuant to the Declaratory Judgment Act and 28 U.S.C. § 1331 and 1338(a).

3. Eurotec Seating, Inc. is a California corporation headquartered in La Habra, California.

4. Raffel has submitted to the jurisdiction of this Court by virtue of the claims it has brought against Eurotec as set forth in its Complaint. Venue is proper in this judicial district for the same reasons.

## COUNTERCLAIM I

### (Declaratory Judgment of Noninfringement of the ’241 Patent)

5. Claim 1 of the ’241 patent requires that “the master lighted cup holder include[] a light-sensitive element or an on-off switch operatively connected to the light sources of both the master lighted cup holder and one or more slave lighted cup holders for selectively controlling production of light by the light sources in the master lighted cup holder and one or more slave lighted cup holders.”

6. None of the Accused Products provide for “selectively controlling production of light by the light sources in the master lighted cup holder and one or more slave lighted cup holders.”

7. For at least this reason, the Accused Products do not infringe claim 1 or any other claim in the ’241 patent.

**COUNTERCLAIM II**

**(Declaratory Judgment of Noninfringement of the ’043 Patent)**

8. Claim 1 of the ’043 patent requires a flange “wherein the flange comprises a control switch that is operatively linked and controls a component of the seating arrangement other than the cup holder apparatus.”

9. None of the Accused Products provide a flange “wherein the flange comprises a control switch that is operatively linked and controls a component of the seating arrangement other than the cup holder apparatus.”

10. For at least this reason, the Accused Products do not infringe claim 1 or any other claim in the ’043 patent.

**COUNTERCLAIM III**

**(Declaratory Judgment of Noninfringement of the ’098 Patent)**

11. On information and belief, the switch shown in the ’098 patent has existed prior to the filing date of the patent.

12. At a minimum, switches with USB outlets and a half-moon design existed before the ’098 patent.

13. To an ordinary observer, the Accused Design is not substantially the same, especially in view of the prior art.

14. For at least this reason, the Accused Design does not infringe.

## COUNTERCLAIM IV

## (Declaratory Judgment of Noninfringement ’099 Patent)

15. On information and belief, the switch shown in the ’099 patent has existed prior to the filing date of the patent.

16. At a minimum, switches with USB outlets and a half-moon design existed before the ’099 patent.

17. To an ordinary observer, the Accused Design is not substantially the same, especially in view of the prior art.

18. For at least this reason, the Accused Design does not infringe.

## COUNTERCLAIM V

## (Declaratory Judgment of Invalidity of the ’241 Patent)

19. The subject matter claimed in the ’241 patent existed before the earliest priority date for the patent.

20. At least the following prior art either anticipates or renders the ’241 patent obvious: US 5,915,832, US 6,092,905, US 6,193,399, US 7,332877, US 6,896,387, and US20030076672.

21. The ’241 patent also lacks written description support at least as to the claim language, “a light-sensitive element or an on-off switch operatively connected to the light sources of both the master lighted cup holder and one or more slave lighted cup holders for selectively controlling production of light by the light sources in the master lighted cup holder and one or more slave lighted cup holders.”

22. Raffel is reading the claim language “a light-sensitive element or an on-off switch operatively connected to the light sources of both the master lighted cup holder and one or more slave lighted cup holders for selectively controlling production of light by the light sources in the master lighted cup holder and one or more slave lighted cup holders” more broadly than the specification can support.

23. The ’241 patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM VI

## (Declaratory Judgment of Invalidity of the ’043 Patent)

24. The subject matter claimed in the ’043 patent existed before the earliest priority date for the patent.

25. At least the following prior art either anticipates or renders the ’043 patent obvious: US 5,915,832, US 6,092,905, US 6,193,399, US 7,332877, US 6,896,387, and US20030076672.

26. The ’043 patent also lacks written description support at least as to the claim language, “wherein the flange comprises a control switch that is operatively linked to and controls a component of the seating arrangement other than the cup holder apparatus.”

27. Raffel is reading the claim language “wherein the flange comprises a control switch that is operatively linked to and controls a component of the seating arrangement other than the cup holder apparatus” more broadly than the specification can support.

28. The claim language is also indefinite at least as to the phrase “controls a component of the seating arrangement other than the cup holder apparatus.”

29. The ’241 patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM VII

## (Declaratory Judgment of Invalidity of the ’098 Patent)

30. The switch design in the ’098 patent has existed prior to the filing date of the patent.

31. Switches with USB outlets and a half-moon design existed before the ’098 patent.

32. USB outlets are not design patentable in that they are functional, rather than ornamental.

33. The ’098 patent is invalid under 35 U.S.C. §§ 102, 103, 112 and/or 171.

## COUNTERCLAIM IV

## (Declaratory Judgment of Noninfringement and/or Invalidity of the ’099 Patent)

34. The switch design in the ’098 patent has existed prior to the filing date of the patent.

35. Switches with USB outlets and a half-moon design existed before the ’098 patent.

36. USB outlets are not design patentable in that they are functional, rather than ornamental.

37. The ’098 patent is invalid under 35 U.S.C. §§ 102, 103, 112, and/or 171.

## PRAYER FOR RELIEF

Eurotec requests the following alternative and cumulative relief:

a. A dismissal of Raffel’s claims with prejudice.

b. A denial of all relief requested by Raffel.

c. A declaration that the ’241, ’043, ’098 and ’099 patents are invalid, unenforceable, and/or not infringed by Eurotec.

d. A judgment in favor of Eurotec on all claims.

e. An award of reasonable attorneys’ fees and costs pursuant to 35 U.S.C. §285 and applicable law.

f. Such other and further relief as the Court may deem just and proper.

Dated: December 7, 2016

/s/Christopher R. Liro
Christopher R. Liro (1089843)
chris.liro@andruslaw.com
ANDRUS INTELLECTUAL PROPERTY
LAW, LLP
100 East Wisconsin Avenue
Suite 1100
Milwaukee, WI 53202
Tel.: (414) 271-7590

Sudip Kundu (*of counsel*)
sudip.kundu@kundupllc.com
Matthew Cunningham (*of counsel*)
matthew.cunningham@kundupllc.com
KUNDU PLLC
1300 I Street NW
Suite 400E
Washington, DC 20005
Tel.: (202) 749-8372

Attorneys for Defendant
EUROTEC SEATING, INC.